[No. 691.]

THE STATE OF NEVADA, Respondent, *v.* THE CENTRAL PACIFIC RAILROAD CO., Appellant.

Section 40 of the Revenue Act Construed.—The object of section 40 (2 Comp. L. 3164), authorizing the board of commissioners to strike off from the delinquent list such taxes as cannot be collected, is to provide a means of balancing the account between the auditor and district attorney; the delinquent taxpayer cannot claim any advantage from it.

District Attorney Authorized to Commence Suit.—The district attorney is authorized to commence suit for delinquent taxes stricken off the delinquent list by a void order of the board of county commissioners.

Payment of Taxes—Appropriation of.—By pleading payment in the suits for the taxes of 1869 and 1870, and proving and obtaining credit for the sum of twenty-two thousand five hundred dollars, being the identical money here claimed to have been paid for the taxes of 1871, the defendant is precluded from claiming that it was originally appropriated to the payment of the taxes of 1871.

Appeal from the District Court of the Second Judicial District, Washoe County.

The facts material to the decision are stated in the opinion.

*T. B. McFarland,* for Appellant.

I. In this case the taxes were originally on the delinquent list; but, before the commencement of the action, they had been *stricken off* the list by the board of commissioners, upon the report of the district attorney in pursuance of section 40 of the revenue act. (Compiled Laws, 3164.) The taxes of 1871 therefore were, when this action was commenced, in the same situation as those of 1870—that is, *they were not on the delinquent list.* The reasoning and authorities advanced and employed on this point in the case of 1870 are therefore equally applicable to this case. This is certainly so if the board had power to make the order striking them off. But the power is *expressly given.* The language of the statute is, that after the district attorney shall have reported such taxes as have not been collected, with his reasons why they have not been, the board " shall revise the same by striking off such taxes as cannot be collected." This, of course, includes the power to determine what taxes cannot be collected. The matter being within its jurisdiction, its action was final—and it makes no difference whether its *judgment* was right or wrong. (*Central Pacific Railroad Company* v. *Placer County,* 43 Cal. 365.)

In the case of *The State of Nevada* v. *Commissioners of Humboldt County* (6 Nevada, 100) this Court held that under an act which gives the board jurisdiction to call an election for a county seat upon application of a certain number of " legal voters," it has power to determine who *are* legal voters—and that it does not matter whether it acted upon legal or sufficient evidence, or not. Most certainly, then, the jurisdiction to strike off delinquent taxes that cannot be collected embraces the power to determine what taxes cannot be collected; and it matters not upon what ground it

acted, or whether its judgment was right or wrong, either as to the facts or the law.

II. But, even upon the theory upon which the court below tried this case, the sum of at least twenty thousand dollars should have been deducted from the amount claimed. Of the whole amount of twenty-two thousand three hundred and fifty-five dollars paid at the time of the order of the board that no suit should be commenced for taxes of 1871, two thousand dollars was for costs; three hundred and fifty-five dollars for school taxes due School District No. 11; and twenty thousand dollars to settle the taxes of 1871. The court erred in admitting the findings of the court in the suit for the taxes of 1869. Those findings were not evidence in any case except the one in which they were delivered. The court should have given instruction No. 11, asked by appellants.

*Robert M. Clarke and J. R. Kittrell, Attorney-General,* for Respondent.

I. The taxes were upon the delinquent list. The board of commissioners had no power to strike them off, and that their action in that respect was void. (9 Nev. 79.)

Admitting that the taxes were not upon the delinquent list, that fact constituted no legal defense to this action.

II. The sum of twenty thousand dollars was not paid by the defendants upon its taxes due for the year 1871, but was paid in compromise and satisfaction so called of the taxes due for the years 1869, '70 and '71, and that the whole sum so paid was applied by the court at the instance of defendant in the suits for 1869–1870.

By the Court, BEATTY, J.:

This case is in most respects similar to the preceding case of the same title. It is a suit for the taxes assessed against the property of defendant in Washoe County for the year 1871, amounting to something over thirty-six thousand dollars. The State had judgment and the corporation appeals. In this case the assessment was not reduced by the board of

equalization and no part of the tax was paid.   When the delinquent list went into the hands of the district attorney the whole of the tax was charged to him, and it became his duty under the law to bring suit for the amount of the tax and the penalty for delinquency.   He did not bring the suit, however; but, on the contrary, reported to the board of commissioners that the tax had been compromised by the board of commissioners by their order dated December 11, 1871 (quoted in our opinion in the preceding case); and thereupon, by order of the board, an indorsement was made on the report of the district attorney in regard to this tax as follows: "Stricken off by order of the board of commissioners.   J. S. Shoemaker, Clerk."

It has been shown that the order of the board making this compromise was without authority and void and constituted in itself no reason why the tax could not be collected. But it is claimed that an order striking the taxes from the delinquent list upon the report of the district attorney that, *for any cause*, they could not be collected, was authorized by the provisions of section forty of the revenue law, and that this order was made in pursuance of those provisions.   Supposing the commissioners to have believed there were good reasons why the tax could not be collected, and to have acted on such belief in pursuance of the provisions of section forty, how are the rights of the parties affected thereby?   In order to preserve a correct account of the fiscal affairs of the county the tax collector is charged by the auditor with the total amount of tax appearing on the assessment-roll.   He is credited with the amount of his collections and the amount returned delinquent, and so his account is balanced.   When the delinquent list is passed over to the district attorney he is charged with the total amount of taxes appearing to be delinquent.   He is credited with the amounts collected by him with or without suit, and with such further amounts as upon his report the commissioners may determine cannot be collected.   The sole object of section forty is to provide a means of balancing the account between the auditor and district attorney.   The

delinquent taxpayer can claim no advantage from it. When the district attorney has reported a tax non-collectible, and his report is adopted by the board, he is relieved from the charge against him on that account; but if, after he makes his report, he finds that the tax can be collected, he not only has the right but it is his imperative duty to commence suit, as he did in this case; and the fact that he has been credited with the amount of the tax by the auditor is no concern of the delinquent. It should be stated in this connection that, before this suit was commenced, the law forbidding the district attorney to commence suits except in the cases where the commissioners authorized it, had been repealed, leaving to the district attorney the same authority he had before its enactment, to sue for all delinquent taxes where the amount delinquent exceeded three hundred dollars. We conclude that in any view the district attorney had authority to commence this suit.

The only additional point made in this case is that the judgment should have been credited with twenty thousand dollars of the money paid in pursuance of the attempted compromise of the taxes of 1869, 1870 and 1871. The testimony in this case, as in case No. 690, shows that no part of the sum of twenty-two thousand three hundred and fifty-five dollars paid by the defendant was specially appropriated to the taxes for 1871, and that it had been wholly applied under the defense of payment to the taxes of 1869 and 1870, for the collection of which separate suits had been prosecuted. If, at the time the money was paid, it was not appropriated to the payment of any particular taxes, the State had a right to apply it as it chose, and even if it had been originally paid by defendant on the taxes of 1871, the State could at defendant's request have afterwards changed the application of the payment, and allowed it as a set-off to other claims. By pleading payment in the suits for the taxes of 1869 and 1870, and proving and obtaining credit for this identical sum of money, the defendant is precluded from claiming that it was originally appropriated to the payment of the taxes of 1871.

The judgment and order appealed from are affirmed.