[No. 8,420.—In Bank.]
Aug. 22, 1882.

## COUNTY OF SACRAMENTO *v.* THE CENTRAL PACIFIC RAILROAD COMPANY.

ACTION FOR DELINQUENT TAXES—ATTORNEY GENERAL—APPEAL.—In an action for State and county taxes, after a judgment had been entered for the plaintiff by the Clerk upon an offer made by the defendant and accepted by the District Attorney to allow judgment for a specified amount, less than the amount sued for, the Attorney General moved to set aside the judgment, and upon a denial of his motion took this appeal. *Held:* The order was appealable, and the Attorney General was authorized to take the appeal.

ID.—ID.—The Attorney General, by virtue of his supervisory power over the District Attorneys, may assume the direction and control of an action brought under the Act of April 23, 1880, "prescribing the form of complaint in actions to recover delinquent taxes, and to authorize the bringing of suits therefor."

ID.—OFFER OF COMPROMISE—POWER OF CLERK.—In an action under the Act referred to, the Clerk of the Superior Court has no power (notwithstanding an order of Court) to enter a judgment for a single sum which is less than the amount alleged in the complaint to be due for State tax, county tax, penalties, etc.

ID.—BILL OF EXCEPTIONS—Section 650, C. C. P., relates to exceptions taken at a trial, and not to exceptions taken after trial and judgment.

Appeal by the People of the State of California, by the Attorney General, from a judgment for the plaintiff, and from an order denying a motion to set aside the judgment in the Superior Court of the County of Sacramento. Denson, J.

Upon a motion to dismiss the appeal, on the ground that the Attorney General had no right to appear in the Court below, the Court rendered the following decision: "The plaintiff commenced an action against the defendant to recover State and county taxes for the year 1881, to the amount of seventeen thousand four hundred and twenty-five dollars—of which sum ten thousand seven hundred and eleven dollars and twenty-five cents was for county taxes, and six thousand seven hundred and thirteen dollars and seventy-five cents was for State taxes. The defendant filed an offer in writing to allow plaintiff to take judgment for nine thousand three hundred and seventy-four dollars and eighty-seven cents, which offer was accepted, and judgment was rendered accordingly. This acceptance was made by the District Attorney of Sacramento County, with the consent and approbation of the Board of Supervisors. The Attorney General, on behalf of the State, moved to set aside the judgment as not authorized by any law, and to strike from the files the acceptance of the offer for judgment. The Court below denied the motion, and from the order denying the motion the Attorney General gave notice of appeal. The defendant moves in this Court to dismiss the appeal, upon the ground that the Attorney General had no right to be heard in the Court below, and no authority to institute an appeal. The motion is denied. The Attorney General, as the law officer of the State, has a right to be heard in a case involving the revenue of the State."

*A. L. Hart*, Attorney General, for Appellant.

Section 997 of the Code of Civil Procedure, providing for the entry of a compromise judgment upon an offer by defendant and acceptance of the offer by plaintiff, has no application to an action brought for the recovery of delinquent taxes. (*State* v. *Cal. M. Co.*, 15 Nev. 251.)

9

The Attorney General has the right, and it is a part of his official duty, to represent the plaintiff, and to assume control of the action, and supervise all proceedings taken therein. (Pol. C., § 470; *People* v. *Stratton,* 25 Cal. 246; *Love* v. *Baehr,* 47 Id. 367–368.)

The bill of exceptions in this case was settled at the time the decision was made, without notice, under the provisions of Section 649 of the Code of Civil Procedure. No argument is necessary to show that said bill was properly settled.

*T. B. McFarland, Creed Haymond,* and *L. D. McKisick,* for Respondent.

There is nothing before the Court in this action except the judgment roll. What purports to be a "bill of exceptions" can not be considered because it was not prepared and settled as provided by law. (Civ. Code Proc., §§ 649–651.)

The Attorney General had no right to appear in the case, and has no authority to appeal. He is neither a party to the action, nor attorney for a party. (*Montgomery* v. *Leavenworth,* 2 Cal. 57.)

If Henry L. Buckley could be considered in this case simply as District Attorney, still the Attorney General would have no power to take away from him the control of the case. The right given him by subdivision 5 of Section 470 of the Political Code, to "exercise supervisory powers" over District Attorneys, and to "require of them reports," is of the most vague and general nature, and can not, by any stretch of construction, be held to authorize him to oust a District Attorney from his position as attorney for a county in a civil action. The Code of Civil Procedure applies to all civil actions. (*Leonard* v. *Townsend,* 26 Cal. 443, 444; *Goodwin* v. *Hammond,* 13 id. 168; *Riddle* v. *Baker,* id. 302; *Duff* v. *Fisher,* 15 id. 375.) Consequently, Section 997 of the Code of Civil Procedure, applies to this action at bar, as well as to any other civil action.

An attorney has power to bind his client in any of the steps of an action. (C. C. P., § 283.) Consequently Mr. Buckley, attorney for plaintiff, had the power to accept the offer made by defendant under Section 997, Code of Civil Procedure.

MCKINSTRY, J.:

It is claimed by respondent that the judgment appealed from was entered in compliance with Section 997 of the Code of Civil Procedure, which reads as follows:

" The defendant may, at any time before the trial or judgment, serve upon the plaintiff an offer to allow judgment to be taken against him for the sum or property, or to the effect therein specified. If the plaintiff accept the offer, and give notice thereof within five days, he may file the offer, with proof of notice of acceptance, and the clerk must thereupon enter judgment accordingly. If the notice of acceptance be not given, the offer is to be deemed withdrawn, and can not be given in the evidence upon the trial; and if the plaintiff fail to obtain a more favorable judgment, he can not recover costs, but must pay defendant's costs from the time of the offer."

The appeal is from the judgment and from the order of the Superior Court denying the motion of the Attorney General to set aside the judgment.

1. The Court below held that the Attorney General was not authorized to make the motion, and that the judgment had been properly entered.

This Court has already held that the Attorney General had the right to control the action in the Court below and to appeal from the judgment. (*County of Sacramento* v. *The Central Pacific Railroad Company.*)

The Act of April 23, 1880 (Statutes 1880, p. 136), authorizes an action for State as well as county taxes, to be brought by the District Attorney in the name of the county. This Act, and the sections of the Political Code relating to the duties of District Attorneys, are to be construed as *in pari materia.* The District Attorney is directed to prosecute all actions for the recovery of " debts" accruing to the State or to his county. (Pol. Code, Sec. 4256.) It was said in *Perry* v. *Washburn* (20 Cal. 318), that State taxes are not " debts" within the meaning of the Act of Congress, which made " United States notes" a legal tender " for all debts, public or private." We entertain no doubt of the correctness of this construction of the words of the Act of Congress. When speaking of *taxes,*

the Act refers only to taxes levied by the United States, and by its terms the Act distinguishes between "taxes" and "debts." But by our law, a State tax, duly levied, becomes a judgment upon which an action, in the nature of an action *in debt*, will lie. Certainly, in a popular sense, a tax duly levied becomes a liquidated demand or *debt*, due from the owner of the property taxed to the State. It is in this sense that the word has been employed in the legislation we are considering. The form of complaint furnished by the Act of April 23, 1880, commences: "Plaintiff avers that defendant is indebted," etc. The language here used would not of itself perhaps make a delinquent tax a technical "debt," but by it the demand upon the defendant sued is, in effect, *called* an indebtedness. The Legislature has authorized the District Attorneys to sue for debts due the State or county, and has authorized a suit for taxes to be commenced by a complaint in which a tax is said to have created a debt.

The District Attorney had the power to commence and prosecute the action, subject to the supervision of the Attorney General. (Pol. Code, 470.) The last named officer has power, whenever, in his opinion, the public service requires it, to "assist" the District Attorney. (Ibid.) When he thus assists the District Attorney, he may, by virtue of his "supervisory power over the District Attorneys in all matters pertaining to the duties of their offices," assume a paramount control and direction of the business he and the District Attorney are jointly conducting.

When, therefore, it appeared that the District Attorney, without consultation with the Attorney General, had accepted the offer of defendant to allow a judgment to be taken for less than the amount of taxes sued for, the Court below, upon the application of the Attorney General, should have permitted that officer to withdraw the acceptance, and should have set aside the judgment based upon it, together with the satisfaction thereof. The Court should have taken judicial notice of the supervisory control of the Attorney General, and of the limitations upon the power of the District Attorney implied by such supervision. The order denying the application of the Attorney General was an order made after judgment, and is appealable.

It is urged that the bill of exceptions can not be considered here because not settled as required by Section 650 of the Code of Civil Procedure. But Section 650 relates to exceptions "taken at a trial;" the exception here was taken after trial and judgment.

2. The judgment must be reversed, because the Clerk of the Superior Court had no power to enter it. It has been held very often that, in entering a judgment, without an order of Court, the Clerk of the District (or Superior) Court acts ministerially, employing no judicial discretion. (*Gray* v. *Palmer*, 28 Cal. 416; *Leese* v. *Clark*, id. 33; *Crane* v. *Hirshfelder*, 17 id. 582; *Willson* v. *Cleaveland*, 30 id. 192; *Wallace* v. *Eldredge*, 27 id. 495; *Kelly* v. *Van Austin*, 17 id. 564.)

While the District Attorney in his official capacity (subject under certain limitations to the direction of the Attorney General), was authorized to prosecute an action on behalf of the State and county, in the name of the county, for the amounts of taxes due the State and county respectively, the defendant and Clerk of the Superior Court were bound to know the extent of the powers of the District Attorney with respect to the collection of State taxes. The assessment of the State tax could only be made by the State Board of Equalization, and after the tax upon railroad property had been apportioned as required by the Constitution (Article xiii., § 10), there was no power in any officer or Board, except perhaps the State Board of Equalization, to reduce the amount apportioned to any county. The District Attorney, by accepting an offer "to allow a judgment" for less than the amount fixed by the State Board, could not estop the State from claiming such amount. The rule of presumption as to the authority of an attorney has no application to a public officer whose powers and duties are defined by law, and therefore exactly understood by all parties concerned. As was said by the Supreme Court of Nevada: "To presume that he (the District Attorney) has a special authority to compromise a claim for delinquent taxes is to presume a fact which is legally impossible." (*State* v. *Cal. M. Company*, 15 Nev. 251.)

It may be said, however, that in presence of the written "offer" and its acceptance by the District Attorney, we are bound to presume the amount due from defendant was the

amount named in the offer and for which judgment was rendered; in other words, that plaintiff sued for more than the amount of taxes due, and recovered the amount actually due.

But, as we have seen, the county, so far as the State tax is concerned, is but the nominal party. As to such tax, the State is the real party in interest. It is the State suing in the name of the county. The complaint herein, following the statutory form, alleges that defendant is indebted to plaintiff in the sum of ten thousand seven hundred and eleven dollars and twenty-five cents for " county taxes," etc., and (in another and separate averment) that defendant is indebted to plaintiff in the further sum of six thousand seven hundred and thirteen dollars and seventy-five cents " for state taxes," etc. The "general nature of the action" is described in the *summons* as being " to obtain a judgment for the sum of ten thousand seven hundred and eleven dollars and twenty-five cents for county taxes,    *    *    *    and for the *further* sum of six thousand seven hundred and thirteen dollars and seventy-five cents for State taxes," etc. The prayer of the complaint, as prescribed by the statute, is as follows: " Wherefore plaintiff prays judgment *for said several* sums," etc.

It was the evident understanding of the District Attorney, when the action was commenced—and in his view of the meaning of the statute we believe him to have been correct—that the Legislature intended the judgment should specify the several sums for which it should be rendered for State and county taxes respectively. The proceeling is special and statutory, and, without deciding whether the Superior Court would have jurisdiction in this action to render a judgment in a gross sum less than the aggregate claimed for State and county taxes, we hold that the clerk had no power to enter the judgment which was entered.

It is true that the statute of 1880 does not, in terms, prescribe the form of judgment to be entered in actions brought under it. But it does prescribe the form of complaint, the prayer of which—read in connection with the averments of separate indebtedness to the State and county—clearly indicates the intention that the judgment should specify the amount due each. The judgment before us is for a less sum

than the aggregate amount claimed for State and county taxes. How much of the sum named in the judgment has been decreed to the State, how much to the county? The statute commands a judgment, by way of penalty, of five per *centum* upon the amount of State tax found due, and of the same percentage upon the amount of county tax. What proportion of the gross sum named in this judgment is for such penalties, or either of them? The statute does not make the county the trustee of the State, nor contemplate further litigation between the State and county in case the latter shall retain more than may be deemed to be its just share of a judgment for taxes when collected. The statute authorizes the District Attorney—under the supervision of the Attorney General—to bring an action for the State in the name of the county, and to join with it an action for the county. True, the State tax, when collected, is transferred to the State Treasury through the appropriate county officers. But such is the case with reference to State taxes however collected. Our statute books contain many laws imposing upon county officers duties to be discharged to the State, especially with reference to the matter of the assessment and collection of taxes. With respect to such duties the officers are agents of the State. Thus by the act of 1880, the Attorney General and District Attorney in prosecuting the action therein provided for, both act for the State, so far as the State tax is concerned. In respect to such tax the County Supervisors, as such, have no control of the litigation.

These considerations would satisfy us that the judgment to be rendered in an action prosecuted under the Act of 1880, must declare specially and separately the sum recovered for State and county taxes, even if the language of the statute were ambiguous. It is barely possible that we would *construe* a judgment of the Superior Court for an amount exactly equal in the aggregate to the sums claimed for State and county taxes, together with a five per cent penalty, and interest upon such sums as a judgment for the sums claimed for State and county taxes, etc. But certainly the *clerk* has no power to enter a judgment in a general sum *less* than the aggregate amount claimed for State and county taxes, penalties and interest. It will be observed that the "offer" recited in

the judgment, and upon the acceptance of which by the District Attorney the judgment is based, is an offer to allow plaintiff to take a general judgment for nine thousand three hundred and seventy-four dollars and eighty-seven cents. The general judgment not only fails to comply with the form required by the statute, but totally fails to accomplish the purpose for which the statute was passed, since it can not be ascertained from such judgment, what sum has been found due the State, or what sum has been found due to the county.

To put a like proposition in different words the "complaint" required by Act of 1880 will not uphold a judgment for a gross sum less than the amount of the sums claimed to be due for State and county taxes, etc.

It will be said, that Section 997 of the Code of Civil Procedure only provides for an offer to allow judgment "for the sum" therein specified. Having shown that the only judgment which can properly be entered in an action brought under the law of 1880, is a judgment specifying the particular sum due the State and the particular sum due the county, if it were true that the only "offer" permitted by Section 997 of the Code of Civil Procedure is an offer to allow judgment in a single sum, it would follow that an offer under Section 997 was totally inapplicable to an action under the Act of 1880, and, as a consequence, the Clerk had no authority to enter a judgment based upon such an offer. But it is not necessary to our purpose so to hold. It may be admitted that where, as under the Act of 1880, the action is brought to recover several sums to be specified in the judgment, an offer might be made (under Section 970) to allow judgment for one of such sums, or for sums less than the respective sums claimed in the complaint. But it necessarily follows from what has been said with reference to the form of the judgment, that, to authorize the Clerk to enter a judgment for the amounts named in the offer, the offer must specify in what sum judgment will be allowed for State, and in what sum for county taxes.

Judgment and order reversed, and cause remanded for further proceedings.

MORRISON, C. J., and McKEE, SHARPSTEIN, ROSS, MYRICK, and THORNTON, JJ., concurred.