[Civil No. 786.   Filed March 20, 1903.]

[71 Pac. 908.]

## MARICOPA COUNTY, Defendant and Appellant, v. J. M. BURNETT, Plaintiff and Appellee.

1. JUSTICE OF THE PEACE—FEES—CRIMINAL CASES—LOCAL AND SPECIAL LEGISLATION—CONSTITUTIONAL LAW—HARRISON ACT (24 STATS. 170,—ORGANIC ACT, REV. STATS. 1901, PAR. 63) CITED—REV. STATS. 1901, PEN. CODE, SEC. 1183, HELD VOID.—The "Harrison Act," *supra*, provides that "The legislatures of the territories of the United States . . . shall not pass local or special laws . . . regulating the jurisdiction and duties of justices of the peace." Section 1183, *supra*, reads: "No justice of the peace . . . residing and holding his court at the county seat . . . shall receive or collect

from the county any fees or compensation in any criminal case unless the warrant of arrest was issued in such case by and with the advice of the district attorney.'' *Held,* that when, as in this instance, the object aimed at by the statute is broad enough to cover the class excluded as well as the class included within its operation, mere convenience or expediency is not sufficient to form the basis of classification, and therefore the latter act, *supra,* is special and local legislation, and void, because in conflict with the provisions of the ''Harrison Act,'' *supra.*

2. COURTS—JUDICIAL NOTICE—COUNTY SEATS—NOT NECESSARILY LARGEST TOWNS.—The court takes judicial notice of the fact that all the county seats of the territory are not situated in the largest towns and centers of population.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Webster Street, Judge.   Affirmed.

The facts are stated in the opinion.

A. J. Edwards, and Oliver P. Morton, for Appellant.

Baker & Bennett, for Appellee.

That the classification attempted to be made in this case is improper and the act unconstitutional, see *Safety Building Loan Co.* v. *Ecklarr,* 106 Ky. 115, 50 S. W. 50; *Richards* v. *Hammer,* 42 N. J. L. 435; *State* v. *Spaude,* 37 Minn. 322, 34 N. W. 165; *Codlin* v. *Kohlhousen,* 9 N. M. 565, 58 Pac. 501; *People* v. *Knopf,* 183 Ill. 410, 56 N. E. 155; *City of Tulare* v. *Hevren,* 126 Cal. 226, 58 Pac. 530; *State* v. *Philbrick,* 50 N. J. L. 581, 15 Atl. 579.

SLOAN, J.—The appellee, J. M. Burnett, a justice of the peace in and for Phœnix Precinct, Maricopa County, presented for allowance to the board of supervisors of said county his claim for fees earned as such justice of the peace for the months of July, August, and September, 1901, amounting to the sum of $366.15.   The board of supervisors refused to allow certain items amounting to ten dollars, upon the ground that these items were for fees in criminal cases in which the warrants were issued without the advice of the district attorney of the county.   Burnett refused to accept the amount

allowed by the board, and brought suit in the district court against the county to recover the full amount of his claim. The trial court gave him judgment for the full amount, from which judgment the county has appealed.

The case is brought avowedly for the purpose of testing the validity of section 1183 of the Penal Code, which reads: "No justice of the peace, police magistrate or recorder, residing and holding his court at the county seat of any county, shall receive or collect from the county any fees or compensation in any criminal case unless the warrant of arrest was issued in such case by and with the advice of the district attorney." The trial court held this provision of the statute to be invalid, for the reason that it was in violation of that part of the Organic Law of the territory known as the "Harrison Act," in that it was local and special legislation. The particular sections of the Harrison Act claimed to be violated by the legislative act quoted read as follows: "The legislatures of the territories of the United States . . . shall not pass local or special laws in any of the following enumerated cases: . . . Regulating the practice in courts of justice; regulating the jurisdiction and duties of justices of the peace." Act July 30, 1886, 24 Stats. 170. It is argued that the legislative act denying any compensation to justices of the peace having their offices at the county seats in the various counties, or any right to compensation, for services rendered in criminal causes unless the warrants of arrest in such causes be issued by and with the consent of the district attorneys of said counties, is local, in that it differentiates justices having their offices at said county seats from other justices having their offices elsewhere in the various counties. It is also argued that the act in question is special, in that it applies to particular officers to the exclusion of others. It is obvious that the effect of the act is to regulate the practice, even if it does not regulate the jurisdiction, in certain courts of justice. The intent of the act obviously was to require the advice and consent of the district attorneys before criminal causes should be instituted in these courts. The issuance of a warrant by the justice having his office at the county seat without the advice of the district attorney is not in terms prohibited. The jurisdiction of such a justice in such a case remains unaffected by the act. If the act, however, be

valid, such justice might decline to issue his warrant in such
a case without violating his duty, for the statute would un-
doubtedly protect him were he to refuse to issue a warrant
which did not have the approval of the district attorney of
the county.   It is not a case of the officer assuming an office,
certain duties appertaining to which are required by the law
to be performed without compensation.   A law resting upon
some necessary distinction or difference which naturally seg-
regates one class of persons or things from another class of
persons or things may be made to apply to such class to the
exclusion of another, and yet be general, and not special, in
its operation.   It is only where a general law can be made
applicable so as to effect the purpose such law has in view,
that special laws are inhibited by the Organic Act.   Thus
it has been repeatedly held under constitutional limitations
akin to the Harrison Act that a law may be made applicable
to a certain class of municipal corporations to the exclusion
of others, providing the class be one based upon some differ-
ence in situation and circumstance suggesting the necessity
of such classification, and providing further that in such
classification provision be made so as not to restrict the opera-
tion of the act to existing municipalities to the exclusion of
others which in the future may come within such classifica-
tion.

It is argued that such a classification is made in the present
case, for the reason that county seats of the territory are for
the most part centers of population, in which the major por-
tion of the criminal business of the territory is instituted; that
the district attorneys are by law required to hold their offices
at such county seats; that it is expedient that such prosecu-
tions be under the direction and control of the district at-
torneys in the interest of economy; that without this restric-
tion many unnecessary and frivolous prosecutions would
otherwise be brought, and the burden of the expense of such
prosecutions unnecessarily be added to the people of the ter-
ritory.   It is further argued that county seats are not neces-
sarily permanent, but may be changed at the will of the
people, under the restrictions of the law governing such
changes; and that, therefore, the classification is not one which
necessarily pertains to certain precincts to the exclusion, in
the future, of others.   It is true that in a majority of the

counties the county seats are situated in the largest towns and centers of population. This, however, is not true of all the counties in the territory. The court takes judicial knowledge of this fact. It seems clear that in this statute the legislative policy was to restrict criminal prosecutions, in so far as practicable, to cases which would have the sanction and approval of the public prosecutors of the counties. Inasmuch as it would be obviously impracticable to obtain the sanction and approval of the district attorneys in cases brought in precincts remote from the county seats where such district attorneys have their offices, the act was so framed as to be applicable only to precincts situated at such county seats. The matter of the extent of business in, and the relative size and population of, such county seats probably did not enter into the legislative reason for such classification. Certainly no reason can be suggested why a warrant of arrest should not be issued, without the consent of the district attorney, by a justice at a county seat, which does not equally apply to the issuance of warrants by other justices. The restriction is obviously one made in the interest of economy in preventing frivolous cases being brought and the fees of the justices unnecessarily increased. The purpose of the act is, undoubtedly, commendable, but its restriction to certain precincts, to the exclusion of others, does not appear to be justified, even upon the ground of expediency. When, as in this instance, the object aimed at by the statute is broad enough to cover the class excluded as well as the class included within its operation, mere convenience or expediency is not enough, as we view it, to justify such classification. In the nature of things, a general statute of this character could be made applicable to all precincts of a county. The result might be prejudicial to the due enforcement of the criminal law. Still the statute as it exists might result in the same way. The district attorney might be absent when needed, or decline to give his approval to meritorious prosecutions. The expediency suggested, therefore, seems an insufficient reason for sustaining the validity of the act, and to take it out of the class of special legislation forbidden by the Organic Law.

The judgment of the district court is affirmed.

Doan, J., and Davis, J., concur.