| 65 | 283 |
| 97 | 9 |
| 65 | 283 |
| 114 | 157 |
| 65 | 283 |
| 118 | 599 |

[No. 9, 257.  In Bank.—May 27, 1884.]

THE CITY OF LOS ANGELES, APPELLANT, v. DAVID WALDRON ET AL., RESPONDENTS.

PLEADING — CONDEMNATION OF LAND — MUNICIPAL CORPORATION. — A petition by the city of Los Angeles for the condemnation of certain land for a street, recited that the city council "duly passed and adopted an ordinance in writing" directing the proceeding, and "that it is now necessary to condemn said land for public use, agreeably to the provisions of said ordinance." *Held,* that this was a sufficient allegation of the necessity of taking the land for public use.

ID. — An averment that an ordinance "was duly passed and adopted," is a sufficient statement that everything necessary to be done by the city council to give it legal effect had been done.

ORDINANCE — RESOLUTION. — When the charter of a municipal corporation requires it to do certain acts by resolution, it may do the same acts by ordinance.

APPEAL from a judgment of the Superior Court of the county of Los Angeles.

Petition by the city of Los Angeles for condemnation of lands for the purpose of widening a street within the city. The respondents, owners of property claimed to be subject to condemnation, demurred generally to the petition. The demurrer was sustained, and respondents had judgment.

The facts appear in the opinion of the court.

*W. D. Stephenson*, for Appellant.

*J. F. Godfrey*, for Respondents.

The Court. — It is insisted on behalf of the respondents that the demurrer to the petition was properly sustained :—

*First*— Because it is not alleged that it is necessary to take the property sought to be condemned. for any municipal or public use. It is alleged "that the council of said city, on the 4th day of November, 1882, duly passed and adopted an ordinance in writing," directing proceedings to be taken to condemn certain property of the respondents for the purpose of widening Main Street, between Washington and Adams Streets, and "that it is now necessary to condemn said land for public use agreeably to the provisions of said ordinance." We think this a sufficient allegation of the necessity of taking the land referred to for public use. The question as to the necessity existing at the time of the passage of the ordinance was for the council to determine, and its determination is manifest from the passage of the ordinance.

*Second*— Because it is not alleged that the ordinance was signed by the clerk or mayor (or if not signed by the latter, passed by a four-fifths vote), was not published in a paper published in Los Angeles, and was not published in English. By the charter of Los Angeles, all these things were necessary to be done in order to give the proposed ordinance any validity; therefore, under section 456 of the Code of Civil Procedure, in pleading the existence of the ordinance, the complaint, in stating that the council "duly passed and adopted" it, is sufficient as stating in legal effect that everything necessary to be done by the council, or under its direction, to give it validity, had been done, without stating each particular thing or act.

*Third*—Because the ordinance provides that, "if within twenty days from the publication of this ordinance, the owners of property fronting along Main Street, or cross streets forming a junction therewith within the limits to be assessed, amounting to two thirds of said frontage, shall make and file with the clerk of the council a written remonstrance against said proposed improvements thereupon, the same shall not be further proceeded with." The objectionable words are, "or cross streets forming a junction therewith." In the preceding section 2, the council had declared that, "the assessment for the payment of the damages sustained by reason of said improvements, shall extend on both sides of Main Street, from Washington Street to Adams Street." By section 3, it was only the owners of property *within the limits to be assessed* who were authorized to remonstrate, and those limits were prescribed by section 2. This appears to us to be sufficiently certain.

*Fourth*—Because the petition does not show that any ordinance has ever been passed. We think it does. It alleges that the council "duly passed and adopted" the ordinance, a copy of which is set forth in the petition.

*Fifth*—Because it is made the duty of the common council, by section 8 of article 8 of the charter, to do by resolution what it attempted to do by ordinance. The latter, in our opinion, is the equivalent of the former.

*Sixth*—Because the property sought to be condemned is not sufficiently described. We think it is.

Judgment reversed, with directions to the court below to overrule the demurrer with leave to defendants to answer within ten days after being notified thereof.

Ross, J., and McKinstry, J., dissented,