CITY OF HELENA, appellant, *v.* HARVEY ET AL., respondents.

EMINENT DOMAIN — *Necessity of use must be alleged.* — In an action brought by an incorporated city, under title 15 of the Code of Civil Procedure, to condemn private land for an alley-way, the complainant must allege the necessity of the use for which the condemnation is sought; otherwise, evidence of such necessity is inadmissible.

MERE TAKING FOR A USE AUTHORIZED BY LAW is not conclusive that the taking is necessary.

*Appeal from Third District, Lewis and Clarke County.*

THE opinion states the facts.

E. D. EDGERTON and BULLARD & BARBOUR, for the appellant.

E. W. & J. K. TOOLE, WILLIAM WALLACE, Jr., and ISAAC D. McCUTCHEON, for the respondents.

GALBRAITH, J.   This is an appeal from a judgment rendered in consequence of an order of the court sustaining a motion for nonsuit.   The action was brought for the purpose of ascertaining and assessing the value of certain property belonging to the respondent, Kate S. Harvey, situate in the city of Helena, and condemning the same for use as an alley.

The complaint alleged that the appellant is a municipal corporation, incorporated by virtue of an act of the legislative assembly of the territory, entitled "An act to incorporate the city of Helena," approved February 22, 1881, and that the respondents are husband and wife; that on the 17th of June, 1884, the city council of the city of Helena passed and adopted a resolution, as follows:

"Resolved, that the east five feet of the property of Mrs. Kate S. Harvey, extending through from the north line of Grand street to the south line of Fifth avenue, being the five feet of ground lying between the east side of the stone warehouse of the said Mrs. Harvey, and the west side of the brick building of Dr. C. K. Cole on Grand street, and running through a like width to Fifth avenue, be and the same is hereby declared to be condemned for use as an alley-way, and the same is hereby ordered to be opened as and for an alley; and whereas the owner of said property has declined to arbitrate the value of said property, now, therefore, the city attorney is hereby ordered to institute, in the name of the city of Helena, proceedings in the district court, as provided in title 15 of the Code of Civil Procedure, for the purpose of carrying into effect the order of this council touching the opening of said alley [then follows a description of the real property sought to be condemned]; that the said

described piece of ground is the property of the said defendant Kate S. Harvey."

. The appellant prayed judgment: "1. That the value of said property be ascertained and assessed as provided by law; 2. That the court make a final order condemning said described property for the purpose of an alley; 3. That plaintiff be let into possession of said property for the purposes aforesaid," etc.

The answer of defendants was that the property described in the appellant's complaint "is not and cannot be made a public alley, nor an alley for the use of the inhabitants of said city, and that the same, by means of its location and proposed width, can be made a private alley only."

Upon the trial, which was to a jury, the appellant's counsel asked the following questions: "You will please state whether or not there is any necessity for opening the alley mentioned in the plaintiff's complaint."

To which question the respondent objected on the ground that the necessity for said alley, or for opening said alley, was not alleged in the complaint. This objection the court sustained. The appellant having rested the case, the respondent filed and presented a motion for a nonsuit, which specified, among other grounds therefor, the following: "No sufficient case has been made for a jury. It is not shown that it is for a public use that the lot was condemned."

. This motion for a nonsuit was sustained, and judgment rendered against the appellant for costs. From this judgment this appeal is taken.

There was no allegation in the complaint that the taking of the property for use as an alley was necessary for such use. The objection to the evidence that the use was necessary was made expressly upon that ground. That the evidence must correspond to the allegations is a familiar rule. The court, therefore, properly rejected the testimony. The appellant might have asked leave to amend. This it did not

do.  The case comes, therefore, before us without any averment in the complaint, and without any evidence tending to show that the taking of the property was necessary for a public use, viz., for use as an alley.  The only question before us for our determination is, whether or not this allegation, and evidence thereof, was necessary in order to enable the appellant to have the relief demanded.

When this suit was commenced, the city of Helena was incorporated and acting under an act of the legislative assembly of this territory, entitled "An act to incorporate the city of Helena," approved February 22, 1881.  See Laws, 12th Session, p. 112.  This act conferred, among other powers granted to the city council, the power to open, alter, abolish, widen, extend, establish, grade, and otherwise improve and keep in repair streets, avenues, lanes, alleys, sidewalks, drains and sewers.  Sec. 9 of the last-named act.  This is the only provision in this act which we have been able to discover that conferred upon the city or any of its officers the power to exercise the right of eminent domain.  There is no provision in this act which designates the manner in which this power should be exercised.

Title 15 of the Code of Civil Procedure provides that the right of eminent domain may be exercised in behalf of the following public uses: "Roads, streets, and alleys, and all other public uses, for the benefit of any . . . incorporated city, or the inhabitants thereof, which may be authorized by the legislature."

In the absence of any provision in the act incorporating the city of Helena, designating the manner in which the power of the city council to open streets, alleys, etc., should be exercised, we are of the opinion that when such power was to be exercised, that the legislature intended that recourse must be had to the method provided in title 15.  But however this may be as a general rule, the proceedings upon their face show that resort was had to this method. The complaint itself shows that it was the intention of the city council to proceed in the method directed by this title, and that the city attorney was so instructed.

The proceedings in this case to condemn this property are evidently had under the provisions of title 15 of the Code of Civil Procedure. This statute expressly provides that "all proceedings under this title must be brought in the district court for the county where the property is situated."

It appears upon the face of the proceedings that the jurisdiction of the district court was invoked by the appellant to condemn this property. Section 585 of title 15 provides that "all proceedings under this title . . . . must be commenced by filing a complaint and issuing a summons therein." Section 586 thereof provides that "the complaint must contain, first, the name of the corporation; . . . . third, a statement of the right of the plaintiff." It is claimed that the right of the appellant was shown when it appeared that it was a city. If such is the case, then this third provision is entirely meaningless; for then the right appeared when the name of the corporation was alleged. We think that this provision — that the right of the plaintiff must be stated in the complaint — refers to the right to have the property condemned, as mentioned in section 583 of the same title. This section provides "that before property can be taken it must appear: 1. That the use to which it is to be applied is a use authorized by law; 2. That the taking is necessary to such use." In order, therefore, to comply with section 586, in relation to the statement of the right, the complaint should allege both "that the use to which the property is to be applied is a use authorized by law," and "that the taking is necessary to such use." In other words, that the property is necessary for the use alleged. It is these united which constituted the right of the city to take property, and to ask the court to condemn it for a public use. The first of these appeared when it was shown that it was for use as an alley. The second requirement was neither alleged nor proved. It is claimed that the very fact that the city council took it for an alley was conclusive that it was necessary for such use. But however this may be, it would not do away with an

express requirement of the law, providing the necessity for the use must appear and be stated in the complaint. The law expressly requires that before the district court can condemn property for public use, that the right to do so must appear and be stated in the complaint. When required to be alleged, it must be proved unless admitted.

By providing that the right to take property for public use is founded upon a use authorized by law, and that the use for such purpose is necessary, the law itself recognizes the fact that a mere taking for a use authorized by law is not conclusive that the taking is necessary for such use. The district court was asked to condemn this property. It could only do so when the requirements of the law authorizing such condemnation were complied with. This could not be done until the necessity for the use was averred and proved.

The judgment is affirmed, with costs.