[Civil No. 803.   Filed March 20, 1903.]

[71 Pac. 903.]

## LOUISA J. SANFORD et al., Defendants and Appellants, v. CITY OF TUCSON, Plaintiff and Appellee.

1. EMINENT DOMAIN—POWER OF TERRITORY—REV. STATS. U. S., SEC. 1851, (ORGANIC ACT, REV. STATS. ARIZ. 1901, PAR. 15,) CITED—OURY V. GOCDWIN, 3 ARIZ. 255, 26 PAC. 376, FOLLOWED.—The territory of Arizona, though not possessing sovereignty, is clothed with authority to provide for the exercise of the power of eminent domain by section 1851, *supra,* providing that "The legislative power of this territory extends to all rightful subjects of legislation not inconsistent with the constitution and laws of the United States."

2. SAME—LOCAL OR SPECIAL LAWS—CONSTITUTIONAL LAW—"HARRISON ACT"—1 SUPP. REV. STATS. U. S., P. 503, (ORGANIC ACT REV. STATS. ARIZ. 1901, PAR. 63) CITED—LAWS ARIZ. 1897, P. 97, No. 57, CONSTRUED AND HELD CONSTITUTIONAL.—The "Harrison Act," *supra,* prohibits the territorial legislature from passing local or special laws incorporating cities, towns, or villages, or changing or amending the charter of any town or·city.  Act No. 57, *supra,* entitled "An act adding to the powers and privileges already vested by charter in incorporated cities," confers upon such cities the power "to lay out and establish, . . . pave or otherwise improve streets, alleys," and further authorizes such cities to proceed, wherever necessary, under the Eminent Domain Act of the territory to condemn private property for such purposes.  *Held,* that said act No. 57 is neither local nor, special, but confers equal powers and privileges upon all existing cities and such as might be incorporated in the future, and therefore is not in conflict with the provisions of the "Harrison Act," *supra.*

3. SAME—PLEADING—COMPLAINT—DEMURRER—ISSUES RAISED—LAWS ARIZ. 1897, ACT No. 57, P. 97, CITED—"HARRISON ACT"—1 SUPP. REV. STATS. U. S., P. 503, (ORGANIC ACT, REV. STATS. ARIZ. 1901. PAR. 63,) CITED.—Where a complaint in an action by a city to condemn land to widen a street set forth that the cost, damages, and expenses to be incurred under the ordinance authorizing the improvement were to be defrayed by special assessment upon the property to be benefited by the improvement, and not to be paid by the city, a demurrer thereto does not raise the question whether in making such improvement the city is in a situation to avail itself of the power of eminent domain under act No. 57, *supra,* without violating the provision of the "Harrison Act," *supra,* which prohibits cities from becoming indebted to an amount exceeding four per centum on the value of their taxable property, nor does such inability militate against the validity of the act itself.

4. SAME—PUBLIC USE—QUESTION OF LAW.—What constitutes a public use is a question of law.

5. SAME—SAME—NECESSITY—QUESTION OF FACT—TO BE DECIDED BY THE COURT.—What constitutes a necessity to authorize the taking of private property for a public use, is a question of fact, but one nevertheless to be decided by the court, and not the jury.

6. SAME — PLEADING — COMPLAINT — MUST SHOW PLAINTIFF'S RIGHT— NECESSITY—REV. STATS. ARIZ. 1901, PARS. 2451, 2454, CONSTRUED.— Paragraph 2451, *supra,* provides that, before property can be taken in condemnation, it must appear that the use to which it is to be applied is a use authorized by law, and that the taking is necessary to such use. In paragraph 2454, *supra,* it is provided that the complaint in condemnation must contain certain averments; among others, ''a statement of the right of the plaintiff.'' *Held,* that as the necessity for the taking is the basis for the exercise of the right, and as the statute requires the complaint to contain a statement of plaintiff's right, a complaint by a city seeking to condemn land to widen a street which does not aver nor show by the ordinance set forth therein that the taking is necessary is insufficient and subject to demurrer.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. George R. Davis, Judge. Reversed.

The facts are stated in the opinion.

Owen T. Rouse, and Durelle F. Glidden, for Appellants.

Eminent domain is inherent in the federal government and in the several states by virtue of their *sovereignty.* Lewis on Eminent Domain, 317; *Kohl* v. *United States,* 91 U. S. 367, 23 L. Ed. 449.

Being an attribute of sovereignty, the power of eminent domain does not inhere in a territorial government. *Newcomb* v. *Smith,* 1 Chand. (Wis.) 71; *Pratt* v. *Brown,* 3 Wis. 603.

The taking being in derogation of the property rights of the citizens, the authority to take the property must not be implied or inferred, but must be given in express language. *Schmidt* v. *Densmore,* 42 Mo. 225; *Illinois Cent. R. R. Co.* v. *Chicago,* 138 Ill. 453, 28 N. E. 740; *Cogswell* v. *New York etc. Ry. Co.,* 103 N. Y. 10, 57 Am. Rep. 701, 8 N. E. 537.

If there remains a doubt as to the extent of the power, such doubt will be resolved adversely to the claim. *New York etc. Ry. Co.* v. *Kip,* 46 N. Y. 546, 7 Am. Rep. 385; *Pueblo etc. Ry. Co.* v. *Rudd,* 5 Colo. 270.

Every jurisdictional step must be strictly followed. *Detroit Sharpshooters* v. *Highway Commrs.,* 34 Mich. 36; *Anderson* v. *Pemberton,* 89 Mo. 61, 1 S. W. 216; *Kroop* v. *Foreman,* 31 Mich. 144.

The burden is on the city to show strict compliance. Necessity must be shown. *Manistee R. R. Co.* v. *Fowler,* 73 Mich. 217, 41 N. W. 261; *Tehama County* v. *Bryan,* 68 Cal. 37, 8 Pac. 673.

Roscoe Dale, City Attorney, and Rochester Ford, for Appellee.

SLOAN, J.—The city of Tucson brought this action in the district court of Pima County to condemn property of the appellee known as "Block 207," in said city, for the purpose of widening Congress Street, in said city.

The complaint in the action contained the following averments: "(1) That it is a municipal corporation, organized and existing under the laws of the territory of Arizona; that the defendants S. H. Drachman Cigar Company, a corporation, and Julius Goldbaum, Incorporated, are corporations organized under the laws of Arizona, and doing business in the city of Tucson, Arizona; that defendants Louisa J. Sanford and Don A. Sanford, her husband, are residents of the city of Washington, District of Columbia, and that all the other defendants are residents of Tucson, Arizona. (2) That the defendant Louisa J. Sanford is the owner of all that certain body of land in the city of Tucson, Arizona, known as 'Block 207,' in said city, according to the official field-notes and survey thereof, which said block consists of lots 1, 2, and 3, described as follows, to wit: Lot 1: 'Beginning at the northeast corner of lot, run thence south, 81.4 degrees east, 11.88 feet; thence south, 83½ degrees west, 118.14 feet; thence north, 81.4 degrees west, 22.44 feet; thence north, 88¼ degrees east, 118.14 feet, to place of beginning.' Lot 2: 'Beginning at northeast corner of lot, run thence south, 81.4 degrees east, 22.44 feet; thence south 83½

degrees west, 48.84 feet; thence north, 81.4 degrees west, 26.4 feet; thence north, 81¼ degrees east, 48.84 feet, to place of beginning.' Lot 3: 'Beginning at northeast corner of lot, run thence south, 8¼ degrees east, 26.4 feet; thence south, 83½ degrees west, 95.04 feet; thence north, 7 degrees west, 34.98 feet; thence north, 88¼ degrees west, 95.04 feet, to place of beginning.' That defendants S. H. Drachman Cigar Company, a corporation, John F. Hansen, Joseph Krause, G. K. Smith, A. Felix, Julius Goldbaum, Incorporated, a corporation, John Doe, and Richard Roe, are in occupation of, and claim an interest as lessees or occupants in, parts of the said block 207. That, therefore, to wit, on the third day of May, 1901, the mayor and common council of the city of the said city of Tucson passed an ordinance entitled 'Ordinance No. 149, providing for widening Congress Street, between Stone Avenue and Church Street, in the city of Tucson, Arizona,' by which it was ordained that Congress Street, between Stone Avenue and Church Street, in said city, be opened and widened so as to include all of the land now lying in block 207 in said city of Tucson bounded on the east by Stone Avenue, on the south by Congress Street, and on the north by Maiden Lane, to the end that the legal right and title to remove the improvements on the aforesaid premises, and to use, occupy, and enjoy the said premises as a public street, shall vest in the said city of Tucson; and the said ordinance further provided that all the costs, damages, and expenses incurred in carrying out the provisions of said ordinance shall be defrayed by special assessment upon the several lots, blocks, tracts, and parcels of land in the city of Tucson to be benefited by said improvements; and that before said improvements are made, or ordered made, and before the said ordinance was passed, a petition for the making of said improvements, signed by owners of a majority of the lineal feet fronting upon said improvements, was first filed with the city recorder of said city of Tucson. Plaintiff further alleges that the property hereinbefore described embraces all the land within the limits of said block 207 in said city of Tucson, Arizona. Wherefore plaintiff prays that the improvements on and an easement in all of the said property hereinbefore described be condemned for the public use aforesaid, and prays for all proper orders in the premises.''

To this complaint the appellant filed a demurrer upon the following grounds as alleged: "(1) That the complaint does not contain a statement of facts sufficient to constitute a cause of action against said defendants, or either of them. (2) That the facts alleged in the complaint show that the plaintiff is a municipal corporation, organized under and by virtue of the acts of the legislative assembly of the territory of Arizona, and by no other authority. (3) That this action is a proceeding to condemn private property for an alleged public use under the right of eminent domain, when no such right exists in the territory of Arizona, and the legislative assembly thereof had no power to authorize such right on behalf of the territory of Arizona, or to grant any such power or authority to any municipal corporation created by the legislative assembly of said territory, but such power and right alone exists in the government of the United States as the sovereign. (4) That the facts alleged in the complaint show that the purpose of the action is to take private property for public use, viz. block 207 of the city of Tucson, which is alleged to be the private property of Mrs. Louisa J. Sanford. That the so-called ordinance of the city of Tucson under which the proceeding is had, and on which plaintiff's right of action is based, is an ordinance for the improvement of a street, and not for the condemnation of private property for public use. (5) That said ordinance is void, in this: that by it provisions were attempted to be made for the condemnation of private property and the taking of it for an alleged public use, at the cost of the owners of other private property, under special assessment. (6) That there is no authority vested in the city of Tucson to take private property for a public use, and to assess the value thereof, or any part of the value of such property, to other property-holders under special assessment, or at all. (7) That said ordinance is void, and is in conflict with the laws of the territory of Arizona; that it is void for further reason that it is indefinite and uncertain as to the property and persons affected, and there is no provision thereof by which it can be determined what property and what persons are to be affected by it. (8) That neither by the ordinance referred to in the complaint nor the laws of the territory of Arizona are there provisions for the payment of due compensation to

the defendant for her said property. (9) That the facts stated in the complaint are not sufficient to warrant any judgment under the law in favor of plaintiff." The demurrer was by the court overruled.

In the absence of a bill of exceptions or statement of facts, the correctness of the court's ruling upon the demurrer pre sents the only question for our consideration. Counsel for appellant contend that the demurrer should have been sustained for the reason that no right of eminent domain exists in the territory. Upon this point it is sufficient to say that this court, in the case of *Oury* v. *Goodwin,* 3 Ariz. 255, 26 Pac. 376, decided that the territory of Arizona, though not possessing sovereignty, is clothed with authority to provide for the exercise of the power of eminent domain by the clause in the Organic Act which says: "The legislative power of this territory extends to all rightful subjects of legislation not inconsistent with the constitution and laws of the United States."

It is further contended by counsel for appellant that, conceding the right of eminent domain to exist in the territory, the legislature has not conferred upon the city of Tucson power to exercise such right in the manner nor for the purpose sought in this action. The city of Tucson was incorporated by special charter granted by the legislature. An examination of this charter discloses that it conferred no power or authority to condemn property for municipal purposes. The legislature, in March, 1897, passed an act entitled "An act adding to the powers and privileges already vested by charter in incorporated cities." Laws 1897, p. 97, No. 57. This act was general in its character, and applied alike to all incorporated cities in the territory. Among other things, it conferred upon such cities the power "to lay out and establish, open, alter, widen, extend, grade, pave or otherwise improve streets, alleys, avenues, sidewalks, parks and public grounds, and vacate the same." Other provisions of the act set forth the conditions and limitations under which such improvements should be made, and authorized such cities to proceed, wherever necessary, under the Eminent Domain Act of the territory, to condemn private property for such improvements. It is contended by counsel for appellant that the act of March 18, 1897, is in conflict with that

part of the Organic Law known as the "Harrison Act," in that it was an attempt to change or amend the charter of the city of Tucson by a local or special law. The Harrison Act prohibited the legislature from passing local or special laws incorporating cities, towns, or villages, or changing or amending the charter of any town, city, or village. In no proper sense can the act of the legislature above referred to be considered either local or special. It applied to all cities in the territory alike, and did not refer, either in terms or by implication, to the city of Tucson in any special way; on the contrary, it conferred equal powers and privileges upon all other existing cities of the territory, and such as might be incorporated in the future.

Whether the city of Tucson is in a situation to avail itself of the power of eminent domain under the act without violating another provision of the Harrison Act prohibiting municipal corporations from "becoming indebted in any manner or for any purpose to any amount in the aggregate, excluding existing indebtedness, exceeding four per centum on the value of its taxable property within such corporation," is a question which does not militate against the validity of the act itself, nor does the demurrer raise the latter question, inasmuch as the complaint set forth that the cost, damages, and expenses to be incurred under the ordinance authorizing the improvement were not to be paid by the city, but, as authorized by the act of March 18, 1897, were to be defrayed by special assessment upon the property to be benefited by the improvement.

Counsel for appellant further contend that the complaint was insufficient in that it did not set forth that the improvement contemplated was a public use, and that there existed a necessity for the taking of the property sought to be condemned. What constitutes a public use is a question of law. The legislature, in the act quoted, specifically recognized the improvement of a street for the benefit of the public and for the betterment of its means of travel and transportation to be such a use. The question of the necessity for the taking of property for such use is one of fact. Paragraph 2451 of the Revised Statutes of 1901 provides that, before property can be taken in condemnation, it must appear that the use to which it is to be applied is a use authorized by law, and that the taking is necessary to such use. In paragraph 2454, Id.,

it is provided that the complaint in condemnation must contain certain averments; among others, "a statement of the right of the plaintiff." Other provisions of the statute on eminent domain make it clear that, while the necessity for the taking of the property in any case is a question of fact, it is one to be determined by the court, and not the jury. As the necessity for the taking is the basis for the exercise of the right, and as the statute requires the complaint to contain a statement of plaintiff's right, it follows that it must contain some averment showing a necessity for the taking of the property sought to be condemned.

The supreme court of Montana, in the case of the *City of Helena* v. *Harvey,* 6 Mont. 114, 9 Pac. 903—a case analogous to the one at bar—said: "The law expressly requires that, before the district court can condemn property for public use, the right to do so must appear and be stated in the complaint. When required to be alleged, it must be proved, unless admitted. By providing that the right to take property for public use is founded upon a use authorized by law, and that the use for such purpose is necessary, the law itself recognizes the fact that a mere taking for a use authorized by law is not conclusive that the taking is necessary for such use. The district court was asked to condemn this property. It could only do so when the requirements of the law authorizing such condemnation were complied with. This was not done until the necessity for the use was averred and proved." The complaint in this case contained no averment that the taking of appellant's property was necessary or required for street purposes. The ordinance of the city set up in the complaint in the action contained no finding that the public use required the condemnation of appellant's property. Had the ordinance contained such finding, there is authority to sustain the proposition that the recital of such ordinance and such finding would be sufficient allegation of the necessity of the taking without further averment in that behalf. *City of Los Angeles* v. *Waldron,* 65 Cal. 283, 3 Pac. 890. The demurrer should, therefore, have been sustained to the complaint upon this ground.

Judgment of the court below is reversed, and the cause remanded for further proceedings.

Kent, C. J., and Doan, J., concur.