## ASHBY v. CITY OF JUNEAU.

(Circuit Court of Appeals, Ninth Circuit. January 3, 1910.)

### No. 1,589.

EMINENT DOMAIN (§ 9*)—CONDEMNATION OF LAND—PURPOSE—STREETS—STATUTES—CONSTRUCTION.

Carter's Ann. Civ. Code Alaska, c. 22, § 204, subd. 3, provides for the exercise of the right of eminent domain for raising the banks of streams, removing obstructions therefrom, widening, deepening, or straightening their channels, and for roads, streets, and alleys, and all other public uses for the benefit of any precinct, city, town, or other municipal division, whether incorporated or unincorporated, or the inhabitants thereof, which may be authorized by Congress or any other legislative authority of the district; and Act Cong. April 28, 1904, c. 1778, § 4, 33 Stat. 531, confers the right of eminent domain on municipalities to provide for the location, construction, and maintenance of necessary streets, alleys, crossings, sidewalks, sewers, and wharves. *Held*, that the words "roads, streets, and alleys" were used independently as within the public uses specified which were made the subjects of condemnation without further legislation of Congress; the words "which may be authorized by Congress or other legislative authority of the district" being construed to qualify and limit only the words "and all other public uses for the benefit," etc., and not to relate to "roads, streets, and alleys," or to the public uses enumerated, so that a city had power to condemn possessory rights in tide lands for the widening of a street.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 9.*]

Appeal from the District Court of the United States for Division No. 1 of the District of Alaska.

Condemnation proceedings by the City of Juneau against Oscar Ashby. Judgment for plaintiff, and defendant appeals. Affirmed.

Malony & Cobb, for appellant.

L. P. Shackleford and Alfred Sutro, for appellee.

E. M. Barnes, amicus curiæ.

Before GILBERT and MORROW, Circuit Judges, and HUNT, District Judge.

HUNT, District Judge. The city of Juneau, appellee, brought this action against Oscar Ashby, appellant, to condemn a property right in and to certain tide lands possessed and occupied by Ashby. The city wished to widen a public street, and to do so it became necessary to have a right of way over a portion of certain tide lands held, claimed, and occupied by Ashby, so far as such lands abutted upon and extended into the proposed street. Prior to instituting proceedings in condemnation the city council passed an ordinance providing for the establishing, opening, and widening of the street, and set forth therein the necessity of opening the same to accommodate traffic.

Ashby demurred to the complaint upon the grounds, among others, that the city council had no authority to enact the ordinance referred to, that there was no power in the city to condemn tide lands for street purposes, that it did not appear that any necessity existed for widening the street, and that the proposed use was not authorized by law. The

demurrer was overruled. Ashby answered, and, after denying the passage of the ordinance referred to, admitted possession and ownership of the premises described in the complaint, but denied that the same, or any part thereof, projected into the street as laid out or established, denied the necessity for opening the street to a width fixed by the city ordinance, and denied necessity for condemnation. He then set forth that the street was laid out and established in 1893, under the laws governing the entry of town sites in Alaska, and that, as laid out, it did not include any portion of his (Ashby's) premises, that the street was of ample width to accommodate the public, and that it was unnecessary to take part of his premises.

These affirmative defenses were denied by replication. The court heard evidence, and made its findings and conclusions in favor of the city. Thereafter a judgment or order of condemnation was made. Ashby is now before this court, asking a reversal of the order of the lower tribunal upon the ground (1) that the city of Juneau had no power to condemn his property for street purposes, and (2) that the evidence shows that there was no necessity for the taking.

In Alaska the right of eminent domain may be exercised in behalf of a public use as defined in section 204, c. 22, "Eminent Domain," Carter's Ann. Civ. Code Alaska, subdivision 3 of which reads as follows:

"(3) Public buildings and grounds for the use of any precinct, city, town, village, school district, or other municipal division, whether incorporated or unincorporated; canals, aqueducts, flumes, ditches, or pipes conducting water, heat, or gas for the use of the inhabitants of any precinct, city, town, or other municipal division, whether incorporated or unincorporated; raising the banks of streams, removing obstructions therefrom, and widening, deepening or straightening their channels; roads, streets, and alleys, and all other public uses for the benefit of any precinct, city, town, or other municipal division, whether incorporated or unincorporated or the inhabitants thereof, which may be authorized by Congress or other legislative authority of the district."

We think that the words "roads, streets and alleys" are used independently as within the public uses defined by the statute, and relate to properties clearly made the subjects of condemnation without further legislation of Congress. The words "which may be authorized by Congress or other legislative authority of the district" qualify and limit the words "and all other public uses for the benefit," etc., but do not relate to roads, streets, and alleys, or the public uses just before specified and enumerated.

We are also of the opinion that the right of the municipality to proceed in eminent domain is conferred, when we consider the statute just quoted in connection with the express grant of power to municipalities to provide for the location, construction, and maintenance of the necessary streets, alleys, crossings, sidewalks, sewers, and wharves, given in section 4 of the act of Congress amending and codifying the laws relating to municipal corporations in Alaska. Act Cong. April 28, 1904, c. 1778, 33 Stat. 531. The power to locate and construct a street can only be exercised by a municipality, and can only be made effective by invoking the power of eminent domain as given by the statutes hereinbefore cited. City of Helena v. Harvey, 6 Mont. 114, 9 Pac. 903.

Examination of the evidence discloses that the court was fully justified in finding that a necessity existed for the taking of the property sought to be acquired.

In a brief filed by counsel, as amicus curiæ, it is urged that no cause of action is stated in the complaint, because the city is seeking to condemn the shores of a channel, a navigable arm of the Pacific Ocean, and below the line of ordinary high tide. This point has no force, though, for the complaint alleges that the property sought to be taken is claimed and occupied by Ashby under a possessory right, which, under subdivision 3, p. 395, Carter's Codes of Alaska, is one of the estates and rights in lands subject to be taken. It is this possessory right, whatsoever value it may have, that the city may condemn.

These views lead to the conclusion that the order of condemnation must be affirmed. So ordered.