## No. 9026.

### DENVER & RIO GRANDE RAILROAD COMPANY *v.* CITY OF COLORADO SPRINGS.

1. MUNICIPAL CORPORATIONS—*Repeal of Ordinance.* The Charter provided that no ordinance shall be amended or repealed except by ordinance adopted in the manner provided in this charter. A petition for the condemnation of lands for the extension of a street across the way of a railroad company averred that the city council had, by ordinance "duly and regularly" passed, conferred upon the city the extension sought. The railway company objected that the ordinance relied upon was void, because never referred to the City Planning Commission, as required by an earlier ordinance. Held that the repeal being by ordinance, the previous ordinance cited, had no application. The earlier ordinance being general, and the later specific the former must give way—whether there be a repealing clause or not.

2. *Pleading an Ordinance.* Allegation of the adoption of an ordinance "duly, regularly and legally" is sufficient without more.

*Error to El Paso District Court, Hon. John E. Little,*
*Judge.*

*Department One.*

Mr. E. N. CLARK and Mr. G. A. LUXFORD, for plaintiff in
error.

Mr. J. L. BENNETT, for defendant in error.

Opinion by Mr. Justice Teller.

THE defendant in error began an action in the District
Court of El Paso County to condemn a tract of land for the
extension of a street across the right of way of the plain-
tiff in error.

The complaint alleged that the city council of said city
had "duly, regularly and legally passed an ordinance" for
the purpose above named, and set out the ordinance in
full; also, that the ordinance was in full force and effect;
described the land to be taken, and the nature of the pro-
posed improvement, and prayed for the appointment of
commissioners, etc.

The answer denied the sufficiency of the complaint, and
presented several defenses, only one of which is insisted
upon in the brief.

A hearing was had on the complaint and answer; the ob-
jections were overruled, and commissioners appointed,
who, in due time, made report.

Objections to the report having been overruled, judg-
ment was entered for the petitioner.

The cause is now before us on error.

Plaintiff in error urges that the ordinance directing the
extension of the street is void because it had not been re-
ferred to the City Planning Commission, as required by an
earlier ordinance—No. 900—still in force.

Attention is called to a provision of the chapter of the
charter of said city which reads as follows:

"Amendment Or Repeal: No ordinance or section
thereof shall be amended or repealed except by ordinance
adopted in the manner provided in this charter."

It is insisted that the ordinance in question could not, under the above charter provision, repeal the ordinance which required a reference to the Planning Commission.

But such is not the fact. The provision in question has no application here, because the alleged repeal is by ordinance.

Ordinance No. 900 is general in its scope, while the extension ordinance is specific, and later. It must be held, therefore, that, where its provisions are in conflict with the earlier and general ordinance, such provisions must be given effect. *Dunton v. People,* 36 Colo. 128, 87 Pac. 540. The rule is the same whether there be a repealing clause or not. *Sugar City v. Commissioners,* 57 Colo. 432, 140 Pac. 800.

It is further objected that the complaint is insufficient because it does not set out all the facts necessary to give the court jurisdiction, in that the facts showing the due passage of the ordinance are not alleged.

Such allegations are unnecessary. *Los Angeles v. Waldron,* 65 Cal. 283, 3 Pac. 890; and 28 Cyc. 394.

The complaint was sufficient, and there appears to be no error in the proceedings.

The judgment is therefore affirmed.

Chief Justice Garrigues and Mr. Justice Burke concur.