Argued March 16; affirmed April 13; rehearing denied
May 25, 1948

# CITY OF EUGENE *v.* JOHNSON

192 P. (2d) 251

*Lester W. Humphreys,* of Portland, argued the cause for appellant. On the brief were Gilley, Humphreys & Sercombe, of Portland, and Frank B. Reid, of Eugene.

*Windsor Calkins,* of Eugene, argued the cause for respondent. On the brief were Calkins & Calkins, of Eugene.

BAILEY, J.

This action was instituted by the City of Eugene to acquire, through the right of eminent domain, approximately 51 acres of land owned by defendants A. West Johnson and Elizabeth Y. Johnson, his wife. The complaint, after setting forth the corporate character of plaintiff and the marital status of defendants, alleges that the City of Eugene, by virtue of authority conferred by its charter, owns and operates, through its department of light and water, (1) a system of water works for the purpose of furnishing water to its citizens, and (2) an electric system for the generation and distribution of electricity in various forms to its citizens, and that for the purpose of delivering electricity and water to its citizens and customers, it owns power canals, electric transmission systems, and water conduits extending beyond the city limits.

It then alleges that the land sought to be appropriated, described by metes and bounds, "lies in a

substantially direct course from electric and water installations on the McKenzie River at Hayden Bridge leading to Eugene", and that the plaintiff owns a power line crossing "said land and proposes the establishment of water and electric installations including a filtration plant upon said land."

The complaint further alleges that plaintiff's electric and water utilities are in charge of and operated by a board known as the Eugene Water Board; that the Water Board and the Common Council of the City of Eugene have respectively "passed Resolutions declaring and determining that the use of defendants' land is necessary for the use of the City of Eugene for water works and electric purposes including a filtration and pumping plant, storage reservoirs and related piping, and other structures as may be required, and for all necessary electric installations and has directed its City Attorney or any attorney appointed by the City Manager therefor, to immediately proceed in eminent domain to condemn the land last above described and to tender $2,500.00 in full payment therefor"; that the entire 51-acre tract is necessary for the uses and purposes contemplated by the plaintiff and that it will be used exclusively by the city for the extension of its electric and water utilities and related purposes; that the plaintiff and defendants have been unable to agree as to the amount of compensation to be paid for such land; and that "the plaintiff offered to defendants and now offers to pay and tenders into Court the sum of $2500.00 which is the reasonable value of the land sought to be appropriated".

During the trial of the case defendants filed their second amended answer in which they denied the following allegations of the complaint: That the entire

tract of land sought to be condemned by the City of Eugene was necessary for the uses and purposes contemplated by plaintiff for water works and electric purposes; that the Eugene Water Board and the Common Council of the City of Eugene had passed resolutions declaring and determining that the land described in the complaint was necessary for such uses and purposes; that plaintiff and defendants have been unable to agree as to the amount of compensation to be paid defendants for the land; and that the land sought to be appropriated is of the reasonable value of the sum of $2,500. They allege that such land is of the reasonable value of $27,795.

For a further and separate answer and defense defendants allege as follows:

"That in attempting to appropriate all of defendants' property, plaintiff has acted arbitrarily and unreasonably and has abused its discretion and has exceeded its power of eminent domain in that plaintiff is attempting to appropriate more of defendants' land than in good faith is necessary for public immediate and future use within a reasonable time.

"That in appropriating all of defendants' land, at least thirty-four acres thereof would not, or could not be put to any of the public uses described in plaintiff's complaint, either immediately or within a reasonable future time."

All the affirmative matter set forth in the second amended answer is denied by the reply. The cause was tried to a jury which returned a verdict in favor of plaintiff and from the judgment entered thereon defendants have appealed.

An incorporated city is by § 12-304, O. C. L. A., granted the right to appropriate private property, both within and without the corporate limits of the city,

for the purpose of supplying the people within and without the city with water, power and electric services. Under the provisions of § 114-101, O. C. L. A., an incorporated city, when the power to do so is conferred by or contained in its charter or act of incorporation, is "authorized to build, own, operate and maintain waterworks, water systems, * * * electric light and power plants, within and without the boundaries of said corporation, for the benefit and use of the inhabitants thereof, and for profit," and for "the purpose of exercising such powers," there is conferred on such city "power and authority to bring actions for the condemnation or taking of private property for public use * * *." Section 105 of the charter of the City of Eugene empowers its mayor and common council to acquire by purchase or otherwise "such real property, water rights, water power, and appurtenances, and appropriate water and construct dams and canals for water power within or without the city, as in the judgment of the Council may be necessary, to provide for the city a complete system of water works, electric or gas lights and sewerage * * *."

Prior to the institution of this action the Common Council of the City of Eugene passed a resolution in which, after referring to the request of Eugene Water Board that condemnation proceedings be instituted for the acquisition of a site for water works and electric purposes, it is stated that the land described in the complaint and belonging to defendants "is hereby found and declared by the Common Council of the City of Eugene to be necessary for the use of the City of Eugene for water works and electric purposes, including a filtration and pumping plant, storage reservoir and related piping, and other structures as may be required, and for all necessary electric installa-

tions." A certified copy of this resolution was admitted in evidence without objection.

Defendants admit that the proposed use of the tract of land in question is a public one and that there exists a necessity for the appropriation by the City of Eugene of additional land for the uses and purposes set forth in its resolution. They contend, however, that the entire tract is not necessary for immediate use, or for future use within a reasonable time. The principal question involved on this appeal is whether their answer is sufficient to raise that issue.

■ The right of eminent domain, which is an attribute of sovereignty, has been vested by legislative action in subdivisions of the state and in private corporations devoted to uses in which the public has a right to share. Whether a proposed use is a public one is a matter for judicial determination. *State ex rel. v. Hawk*, 105 Or. 319, 208 P. 709; *Dallas v. Hallock*, 44 Or. 246, 75 P. 204. The amount of compensation to be paid for the property taken is, also, a judicial matter. But the necessity, propriety, or expediency of appropriating property for public use, the amount and location of the property to be taken, and its suitableness for the proposed use are all political or legislative questions. And the determination of those matters by a grantee of the power of eminent domain is, in the absence of fraud, bad faith or abuse of discretion, final and not subject to review by the courts. *Dallas v. Hallock*, supra; *State ex rel. v. Hawk*, supra; *City of McMinnville v. Howenstine*, 56 Or. 451, 109 P. 81; *City and County of Denver v. Board of Com'rs.*, 113 Colo. 150, 156 P. (2d) 101; *Coos Bay Logging Co. v. Barclay*, 159 Or. 272, 293, 79 P. (2d) 672; *United States v. Meyer*, 113 F. (2d) 387; *Town of Perry v. Thomas*, 82 Utah 159, 22 P. (2d) 343; *Southern Ry. Co. v. City*

*of Memphis,* 126 Tenn. 267, 148 S. W. 662, 41 L. R. A. N. S. 828; *Pittsburgh, Ft. W. & C. Ry. Co. v. Sanitary Dist. of Chicago,* 218 Ill. 286, 75 N. E. 892, 2 L. R. A. N. S. 226; 1 Lewis, Eminent Domain, 3rd Ed., § 370, p. 677; 4 McQuillin, Municipal Corporations, 2d Ed. Rev., § 1588, p. 478; 18 Am. Jur., Eminent Domain, ! 109, p. 736; 29 C. J. S., Eminent Domain, § 92, p. 888.

In *Southern Ry. Co. v. City of Memphis,* supra, the court, after stating that whether the taking was for a public use and the amount of compensation to be paid were judicial questions, said:

> "But all other incidents of the taking are political questions, for the determination of the sovereign, and not judicial questions, for the determination of the courts. Selecting the property to be taken, as contra-distinguished from similar property in the same locality, determining its suitableness for the use to which it is proposed to put it, as well as deciding the quantity required, all are political questions, which inhere in and constitute the chief value of the power to take. This power would be a vain and empty thing, if the owner could contest the advisability of taking his property rather than his neighbor's, or if he could interpose as a defense to the taking that other property could be found which would suit the public purposes better, or that he, the owner, was of opinion and could prove that the public needed more or less than the quantity proposed to be taken. The power to take would be of small value, if the thing to be taken, in its quantity, quality, and locality, could be determined by another and adverse interest. The authorities seem to be in harmony, some of which are: * * *" Citing numerous cases.

It is stated in *Dallas v. Hallock,* supra, that where it is sought to take private property for public use "the necessity therefor must not only be averred, but proved". Again, it is said in *State ex rel. v. Hawk,* supra, that it is necessary for the plaintiff "to show

by proper allegations and proofs the necessity for such appropriation of the property sought to be condemned to such use, and for the court to determine the question, where the necessity is contested". The method of proving the necessity is not discussed in either one of these cases.

■ The complaint alleges that the entire tract of land described therein is necessary for the use contemplated by the plaintiff and that resolutions had been passed by the Water Board and the Common Council determining that such use by the city is necessary. When the plaintiff introduced in evidence a certified copy of the resolution of the Common Council of the City of Eugene, in which it is stated that the entire tract of land here involved was necessary for the use of the city for water works and electric purposes, it established a prima facie case of the necessity for taking the entire tract. *Bush v. Oklahoma City,* 194 Okla. 504, 154 P. (2d) 960; *Delfeld v. City of Tulsa,* 191 Okla. 541, 131 P. (2d) 754, 143 A. L. R. 1032; *Sanford v. City of Tucson,* 8 Ariz. 247, 71 P. 903; *City of Los Angeles v. Waldron,* 65 Cal. 283, 3 P. 890.

■ The necessity for the taking of property is a question of law for the court and not one of fact to be decided by the jury, and, if it is made an issue, it should be settled by the court before the jury is impaneled. *Baxter v. City of Louisville,* 224 Ky. 604, 6 S. W. (2d) 1074; *City of New Orleans v. Moeglich,* 169 La. 1111, 126 So. 675; *City of Chicago v. Lehman,* 262 Ill. 468, 104 N. E. 829.

■ It was ruled by the circuit court that the second amended answer did not state facts sufficient to constitute a defense, that "it is mere conclusions of law without being based upon any facts  *  *  *." We concur in the foregoing conclusion by the trial court. The defendants have failed to set forth any facts from

which the court might find that the City of Eugene "acted arbitrarily and unreasonably and * * * abused its discretion and * * * exceeded its power of eminent domain * * *" in its determination that the entire tract of land was necessary for its use.

In *People v. Olsen,* 109 Cal. App. 523, 293 P. 645, the court, in discussing a similar question, said:

"* * * The question as to whether the land was to be devoted to a public use as distinguished from a mere private service may, under adequate pleadings, become a proper issue for the judicial determination of the court. We are, however, of the opinion this issue was not raised by the pleadings in the present case. To raise this issue it is necessary to specifically charge fraud, bad faith, or an abuse of discretion on the part of the tribunal to which the determination of the necessity of resorting to eminent domain is delegated. This was not done in the present case. The appellants' answer does not deny that the property was to be used for a public purpose. The answer contains no affirmative allegation concerning the nature of the use of the property. It merely denies 'that all of said land described, or any land * * * is necessary for the public use, or any use * * * as a right of way. * * *' This language does not constitute a denial that the land was intended to be used for a public purpose. It is a mere denial that it is required for that purpose. This language is inadequate to raise the issue of fraud, bad faith, or abuse of discretion. The facts constituting bad faith or fraud must be specifically alleged. The court therefore properly sustained objections to appellants' offer to prove that the highway was constructed in whole or in part for the benefit of private interests."

The ruling in the Olsen case is specifically referred to and approved in *People v. Milton,* 35 Cal. App. (2d) 549, 96 P. (2d) 159, where the court pointed out that when "the state highway commission, as it did in the case at bar, adopts a resolution declaring that public

interest and necessity require the acquisition of certain real property for public improvements, that resolution becomes conclusive of such facts recited therein, and the same may not be disputed in the absence of fraud, bad faith, or an abuse of discretion." In *Wilton v. St. Johns County*, 98 Fla. 26, 123 So. 527, 65 A. L. R. 488, 497, it is said that "the mere allegation that it was *not* for a public use, was hardly compatible with the rules of good pleading. This allegation was in the nature of a mere legal conclusion of the pleader. The answer should have gone further and alleged the facts supporting this conclusion." After referring to the provisions of the statute requiring the petition for condemnation to show "the purpose of the taking" and that the property sought to be taken is "necessary for that purpose", the court observed: "It necessarily follows that the answer of the defendant would be good under the statute if by its allegations it showed that the taking of his property was not in any way necessary to the accomplishment of the purpose so alleged. But, again, this should be done by allegations of facts, and not by mere statements of the bald opinions or conclusions of the pleaders."

We conclude that defendants' second amended answer is insufficient to raise the issue of fraud, bad faith, or abuse of discretion on the part of the City of Eugene in its determination that the entire tract of land is necessary, and that the circuit court did not err in so ruling. The view which we take of defendants' pleading makes it unnecessary to discuss the other assignments of error. The questions presented by such assignments become relevant only in the event of a contrary holding as to the sufficiency of the answer.

The judgment appealed from is affirmed.

HAY, J., did not participate in this decision.