Argued October 8, affirmed October 22, petition for
rehearing denied December 30, 1969

## CITY OF PORTLAND, *Respondent, v.* SWANSON ET AL, *Appellants.*

459 P.2d 879

*Reuben Lenske,* Portland, argued the cause and filed briefs for appellants.

*Donald R. Stark,* Portland, argued the cause for respondent. With him on the brief were Williams, Montague, Stark & Thorpe and Oliver I. Norville, Portland.

PER CURIAM.

This is an action to condemn certain property owned by defendants. Defendants appeal from a judgment for plaintiff.

This action was brought by the City of Portland, acting through the Portland Development Commission, which is the urban renewal agency of the City of Portland.

Defendants' answer admits that Portland Development Commission is the duly designated urban renewal agency of the City of Portland created pursuant to ORS Ch 457 and authorized by Chapter XV of the city charter and ORS Ch 457 to acquire real property by condemnation. However, defendants deny that it is necessary in this case to take the property for public use. This issue is raised by the denial in defendants' answer of the following allegation in plaintiff's complaint:

"All the subject real property is necessary for a public use and purpose in that it constitutes a part of the real property within the urban renewal project in the City of Portland, County of Multnomah, State of Oregon, known as the Albina Neighborhood Improvement Project, the area of which is hereinafter described and which real property the Portland Development Commission is authorized and required by Chapter XV of said Charter and said Chapter 457 of Oregon Revised Statutes to acquire for the purpose of eliminating blighted and deteriorated conditions which exist in said area, to protect the health, safety, morals and welfare of the residents of the community and of the state, and in order to carry out said Albina Neighborhood Improvement Project in accordance with the approved urban renewal plan; and prior to the commencement of this action, the plaintiff, by resolution, so declared."

The trial court held that plaintiff sustained its burden of proof on the issue of the necessity for the taking and submitted the case to the jury on the issue of value.

■ On appeal defendants contend that there was insufficient evidence to show that the taking of the property was necessary and to show that the residents of the property taken would be furnished comparable living quarters at the same or a lower rental.

The limits of our power to determine whether the condemnation of property is necessary is stated in *City of Eugene v. Johnson*, 183 Or 421, 425, 192 P2d 251 (1948):

"* * * [T]he necessity, propriety, or expediency of appropriating property for public use, the amount and location of the property to be taken, and its suitableness for the proposed use are all political or legislative questions. And the determination of those matters by a grantee of the power of eminent domain is, in the absence of fraud, bad faith or abuse of discretion, final and not subject to review by the courts."

In the case at bar defendants did not introduce any evidence to show fraud, bad faith or abuse of discretion.

■ Defendants further argue that plaintiff did not produce evidence that the residents of the property taken could find comparable housing at a rental within their financial reach.① Assuming, without deciding,

---

① ORS 457.150 (1) provides:

"(1) No urban renewal agency shall initiate any urban renewal project under this chapter until the governing body of each municipality in which any of the area to be covered by the project is situated has approved an urban re-

that defendants can raise this question in a condemnation suit, the contention is without merit because there was evidence that provision had been made for the relocation of persons residing in the area where the property was taken. Plaintiff introduced into evidence the relocation plan adopted by the Portland Development Commission. This plan disclosed that provision had been made for the relocation of affected persons.[2] Defendants did not adduce evidence showing that plaintiff failed to carry out its relocation program.

The judgment of the trial court is affirmed.

---

newal plan which conforms to the general plan for the municipality as a whole and which provides an outline for the development, redevelopment, clearance, rehabilitation or conservation of the area of the project and is sufficiently complete to indicate:

"*  *  *  *  *

"(d) The method for the temporary or permanent relocation of persons living in such areas.

"(e) The method for providing, unless already available, decent, safe and sanitary dwellings substantially equal in number to the number of substandard dwellings to be cleared from the area, at rents within the financial reach of the income groups displaced from such substandard dwellings."

[2] The plan contained the following recitation:

"4. Provisions have been made for the temporary and permanent relocation of those persons to be relocated from the project area during the execution of the project plan. Decent, safe and sanitary dwellings substantially equivalent to the number of substandard dwellings to be cleared and those where temporary relocation is necessary to complete rehabilitation activities are available within the City of Portland generally. A detailed statement as to: (1) the specific rehousing needs of site residents; and (2) the specific housing resources expected to take care of these needs, together with a full discussion of the administration of the relocation process is contained in the relocation program. This program is a part of the 'Part One. Application for Loan and Grant' and is available for public inspection in the offices of the urban renewal agency."

SLOAN, J., concurring.

It seems important to mention that judicial review of some of the problems relating to urban renewal projects may be available. *Norwalk Core v. Norwalk Redevelopment Agency,* 395 F2d 920 (CCA 2d, 1968); Note, Housing and Urban Renewal, 1968, 14 Villanova L Rev 149; Comment, 1969, 69 Col L Rev 472. No issue of the kind has been presented in this case and it is not necessary to decide the extent to which state courts can or should consider some of the problems mentioned in the above partial listing of the authorities that have been concerned with the problems involved. However, recognition that the problems exist and that courts have considered them should be mentioned.