Argued and submitted May 9, affirmed in part; reversed and remanded in part
September 26, reconsideration denied November 30, 1984, petition for review denied
February 12, 1985 (298 Or 704)

UMREIN,
*Appellant,*

*v.*

NELSON et al,
*Respondents.*

(43-455; CA A28922)

688 P2d 419

Ronald Allen Johnston, Portland, argued the cause for appellant. With him on the briefs was McCormick & Reynolds, Portland.

Cynthia S.C. Shanahan, Portland, argued the cause for respondents. With her on the brief were James R. Moore, and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is the second time this declaratory judgment proceeding has been before us. In the first appeal, *Umrein v. Topaz,* 61 Or App 601, 658 P2d 568, *rev den* 294 Or 792 (1983), we affirmed the trial court's judgment dismissing the action as to the City of Beaverton.

Plaintiff seeks a declaration that three projects undertaken by the Beaverton Urban Renewal Agency (BURA or Agency) are not authorized by the Beaverton Urban Renewal Plan (BURP or Plan) and that, therefore, defendants, the Board of Directors of the Agency, are personally liable under ORS 294.100 for any funds spent on those projects.[1] The trial court granted defendants' motion for summary judgment. Plaintiff appeals. We affirm in part, reverse in part and remand.

BURA is the agency responsible for implementing BURP. As required by ORS 457.085(2)(a), the Plan describes each project that BURA planned to undertake. One of BURA's authorized projects was the extension of Fifth Street. In order to carry out that project BURA condemned a parcel of land owned by the Hoffman Construction Company (the Hoffman property).[2] BURA decided to condemn the entire parcel, even though not all of the land was needed to extend Fifth Street. Plaintiff objected to the condemnation and intervened unsuccessfully in that proceeding. After BURA acquired the Hoffman property, it began the three challenged projects, a water detention facility, a park and planning for a regional recycling center. None is listed as a "project" in BURP.[3] According to plaintiff, the projects are unauthorized

---

[1] ORS 294.100 provides in relevant part:

"(1) It is unlawful for any public official to expend any money in excess of the amounts, or for any other or different purpose than provided by law.

"(2) Any public official who expends any public money in excess of the amounts, or for any other or different purpose or purposes than authorized by law, shall be civilly liable for the return of the money by suit of the district attorney of the district where the offense is committed, or at the suit of any taxpayer of such district."

[2] ORS 457.170(3) grants an urban renewal agency the power to condemn land "when needed to carry out the plan."

[3] ORS 457.010(10) defines an urban renewal project as "any work or undertaking carried out under ORS 457.170 in an urban renewal area."

and defendants are individually liable to return funds spent on them.

Plaintiff argues as a preliminary matter that the condemnation itself was improper, because the three projects were not listed in BURP. It is undisputed that (1) the Fifth Street extension was an authorized project; (2) BURA has condemnation powers under ORS 457.170(3); and (3) BURA needed to condemn some of the Hoffman property in order to complete the Fifth Street project. The decision to condemn land "is a legislative question and not one for the courts." *Port of Umatilla v. Richmond et al,* 212 Or 596, 621, 321 P2d 338 (1958). Furthermore, the amount of land condemned is beyond judicial review, unless there is evidence of fraud, bad faith or an abuse of discretion. *Port of Umatilla v. Richmond, et al, supra,* 212 Or at 622; *City of Eugene v. Johnson,* 183 Or 421, 426, 192 P2d 251 (1948). Plaintiff presented no evidence of fraud, bad faith or abuse of discretion by BURA. Thus, there is no merit to plaintiff's contention that BURA had no authority to condemn the entire Hoffman property.

Plaintiff's principal argument is that defendants have no authority to spend agency funds for urban renewal projects unless those projects are either explicitly listed in the Plan or are logically required adjuncts to explicitly listed projects. ORS 457.170 does limit BURA's powers to "undertake any urban renewal project to carry out an approved urban renewal plan." Neither the water detention facility, the park nor planning for the regional recycling center is a specified project in BURP. Plaintiff argues that, because none of the projects is a logically required adjunct to the Fifth Street extension project, spending funds on them was unauthorized. Defendants respond that, so long as the projects are consistent with the goals and objectives of BURP, the agency had authority to undertake them.

We hold that the proper rule is that, if any change from an urban renewal project is so substantial as to require formal amendment of the urban renewal plan under ORS 457.220(2),[4] then spending any funds for the project *without* a

---

[4] ORS 457.220(2) provides:

"Any substantial change made in the urban renewal plan shall, before being carried out, be approved and recorded in the same manner as the original plan."

formal plan amendment is unauthorized and the public officials who authorize such expenses are personally liable. ORS 294.100. However, if the changes to an urban renewal plan are not substantial enough to require formal amendment, then spending funds is authorized and the public officials are not personally liable. ORS 294.100. This test protects public officials who properly carry out their statutory duties from personal liability yet, at the same time, allows a taxpayer's claim for relief against public officials who disregard their statutory duty. Because the trial court is the proper forum to determine whether defendants overstepped their authority, and because it does not appear that the trial court applied the legal standard we have now enunciated, we reverse that part of the summary judgment and remand to the trial court to permit the parties to offer evidence on the question whether either the water detention facility or the park was such a substantial change from the original BURP that formal amendment proceedings were required.

■     We reach a different result with regard to planning for the regional recycling center. Planning is the essential precursor to any urban renewal plan and project. Unless an urban renewal agency is initially able to determine whether a proposed project is appropriate, the agency will never be able to undertake any project. Agencies must possess the power to study what projects are needed. Throughout ORS ch 457, urban renewal agencies are given the power to plan. Here, BURA *planned* for a regional recycling center. No recycling center was built. If plaintiff's position is correct, BURA would have been required to list planning for a regional recycling center as a project in its urban renewal plan. That would be without any purpose. BURA has the inherent authority to plan for any project. The trial court correctly granted defendants' motion for summary judgment on the issue of planning for a regional recycling center.

Reversed and remanded for determination whether the water detention facility or park required formal BURP amendment proceedings and such other proceedings as may be required; otherwise affirmed.